UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

   v.                                                                                  Case No.:   3:20cr039/MCR

**PAUL STEPHEN VALDEZ.**
                                                     /

## ORDER

This matter is before the Court on Defendant Paul Stephen Valdez's first motion in limine to exclude evidence under Federal Rule of Evidence 404(b). *See* ECF No. 56. Valdez seeks an order precluding the Government from introducing evidence that (1) he previously stole a combat helmet placed on the ground by another service member during a training exercise; and (2) he previously described his plans to steal night-vision goggles and military explosive equipment from Camp Rudder on Eglin Air Force Base to other service members. On consideration, the motion is denied.

Rule 404(b) prohibits the use of extrinsic evidence of a defendant's prior crimes or other bad acts to show the defendant's bad character or propensity to commit the charged crimes. *United States v. Costa*, 691 F.2d 1358, 1361 (11th Cir. 1982). However, this kind of extrinsic act evidence is admissible for other purposes, such as to prove motive, intent, plan, knowledge, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(2). Evidence is admissible under Rule 404(b)

where: (1) it is relevant to an issue other than the defendant's character; (2) sufficient evidence is presented that would allow a jury to find that the defendant committed the extrinsic act; and (3) its probative value is not substantially outweighed by the potential for undue prejudice. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). Importantly, Rule 404(b) is a "rule of inclusion" not exclusion; therefore, extrinsic act evidence should be admitted "unless it tends to prove *only* criminal propensity." *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

Valdez argues the extrinsic act evidence that he previously stole a combat helmet fails two of the criteria for admissibility under Rule 404(b). First, Valdez maintains this evidence is inadmissible because there is insufficient proof that he actually stole a helmet in the past. This argument fails. The Government may prove that a defendant actually committed an extrinsic act by "produc[ing] . . . enough evidence to present a jury question on the issue." *United States v. Chilcote*, 724 F.2d 1498, 1502 n.2 (11th Cir. 1984). A defendant's "own statement, admitting that he committed the act, even if mere puffery, is sufficient to justify a jury finding that he committed the act." *Id*. Here, according to the Government, several witnesses will testify at trial that Valdez admitted to stealing a Special Forces soldier's combat helmet. Valdez's own statements to these witnesses constitute sufficient proof that he actually stole a combat helmet for purposes of those statements' admissibility under Rule 404(b).

Second, Valdez maintains the evidence that he previously stole a combat helmet is not relevant to any issue other than his character. This argument also fails. Valdez is charged with one count of stealing Enhanced Small Arms Protective Inserts ("ESAPI") from the government, which requires, *inter alia*, proof that Valdez "knowingly and willfully" took the ESAPI "with the intent either temporarily or permanently to deprive [the government] of [its] use." *See United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993). By pleading not guilty, Valdez has made his knowledge and intent "material issue[s]" that the government may prove by qualifying extrinsic act evidence, absent affirmative steps by him to remove knowledge and intent as issues. *See United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007). There is no evidence or even argument that Valdez took any such steps. Thus, extrinsic act evidence that Valdez knowingly and willfully stole government property in the past—namely, a combat helmet—remains highly probative of his knowledge and intent with respect to the theft of government property at issue in this case, and it also bears on his motive, opportunity, preparation and planning in carrying out the charged offense. *See, e.g.*, *United States v. Beechum*, 582 F.2d 898, 916 (5th Cir. 1978) (extrinsic act evidence that defendant previously possessed stolen credit cards with the intent to permanently deprive the owners of them was admissible to prove his intent in a subsequent trial for possessing

a stolen silver dollar).[1] Because the evidence is relevant to issues other than Valdez's character, it satisfies the Rule 404(b) standard for admissibility.

Valdez also challenges the admissibility of evidence that he planned to steal night-vision goggles and military explosive equipment from secure military locations, and that he shared those plans with other service members. He seems to argue that he was merely joking when he made those statements and that jokes of this nature were commonplace in Army culture. In his view, his statements are thus only minimally probative but have a high risk of unfairly prejudicing the jury; therefore, he believes the statements fail the third requirement for admissibility under Rule 404(b). This is incorrect.

To begin with, the question of whether Valdez's statements were serious or a joke goes to the weight of the evidence, not its admissibility. *See Wright v. West*, 505 U.S. 277, 296 (1999) (stating that the jury "[a]s the trier of fact was entitled to disbelieve" testimony and "discount" it "as affirmative evidence of guilt"); *United States v. Brown*, 415 F.3d 1257, 1270 (11th Cir. 2005) ("Questions about the weight given to testimony . . . are for the factfinder."). Regarding probative value, again, Valdez has put his intent and state of mind at issue in this case. *See Edouard*, 485 F.3d at 1345. Thus, Valdez's statements detailing his previous plan to steal military

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Case No. 3:20cr039

equipment are highly relevant for the non-propensity purposes of showing his knowledge, intent, motive, opportunity, plan, and preparation in carrying out the similar theft of military equipment charged in this case. *See United States v. Astling*, 733 F.2d 1446 (11th Cir. 1984) (evidence that defendants previously participated in a similar drug smuggling scheme admissible as evidence of intent, motive and similar plan in prosecution for drug smuggling scheme). There is little likelihood of the statements causing unfair prejudice—they are "not of a heinous nature, likely to incite the jury to an irrational decision," *see United States v. Mitchell*, 666 F.2d 1385, 1390 (11th Cir. 1982), nor will they be cumulative or otherwise confusing to the jury, *United States v. Tunsil*, 672 F.2d 879, 881 (11th Cir. 1982). Any potentially prejudicial effect from the admission of the statements may be mitigated by an appropriate cautionary instruction to the jury, which will be given, if requested. *See United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993). The Court thus finds the probative value of this evidence is not outweighed by the risk of undue prejudice, and the evidence is relevant and admissible under Rule 404(b).

Based on the foregoing, Defendant Paul Stephen Valdez's First Motion in Limine, ECF No. 56, is **DENIED**.

**DONE AND ORDERED**, on this 28th day of October, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:20cr039